FILED
DISTRICT COURT
OTTAWA CO. OKLA.

NOV 03 2015

CASSIE KEY COURT CLERK
BY_____

IN THE DISTRICT COURT OF OTTAWA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| 1. JAMMIE SARTIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>1. OKLAHOMA DEPARTMENT OF HUMAN )<br>   SERVICES, )<br>2. JOHN DOES 1-30, unknown individuals )<br>   Employed by OKLAHOMA DEPARTMENT )<br>   OF HUMAN SERVICES, )<br>)<br>Defendants. ) | CASE NO.: CJ-15-132<br><br>JUDGE:_____<br><br><br><br><br><br><br><br><br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## PETITION

**COMES NOW** the Plaintiff, Jammie Sartin ("Plaintiff"), and submits her causes of action against Defendant Oklahoma Department of Human Services ("OKDHS").

1. The Plaintiff is a resident of Ottawa County, State of Oklahoma.

2. At all times relevant, the Defendant Oklahoma Department of Human Services ("OKDHS") is an Oklahoma "department" falling within the definition of "state" for purposes of the Governmental Tort Claims Act, 51 O.S. §§151 *et. seq.* ("GTCA"). The Plaintiff represents to this Court that she complied with the Notice provisions of the GTCA, in that she provided the State of Oklahoma timely notice of her claims and such was denied by operation of law. [*See, e.g.*, **Exhibit 1**].

3. Upon information and belief, at all times relevant the Defendant John Does 1-30 are employees, agents, and representatives of OKDHS ("DHS Defendants"). These persons include, without limitation, Martha Sue Thompson.

4. The incidents giving rise to this action occurred in Ottawa County, Oklahoma.

1

**EXHIBIT 2**

5. Personal jurisdiction is proper pursuant to 12 O.S. § 2004(f) and venue is properly laid pursuant to 12 O.S. §§131-133.

6. The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission complaining of discrimination based on disability. A Dismissal and Notice of Suit Rights dated September 23, 2015 from the EEOC was received by the Plaintiff, and this civil action was commenced within ninety (90) days of such receipt. [*See*, **Exhibit 2**]. All conditions precedent to commencing this action has been satisfied.

### FACTS PERTINENT TO ALL CLAIMS

7. OKDHS is an "employer" for purposes of, and as such term is defined by, the Family Medical Leave Act, 29 U.S.C. §§2601 *et. seq.* ("FMLA"). OKDHS employed greater than fifty (50) employees during the statutorily-required time period.

8. The Plaintiff is an "employee" for purposes of, and as such term is defined by, the FMLA. She had commenced her employment more than twenty-six (26) years the preceding the filing this action, and had worked at least 1250 hours during the twelve (12) months prior to her exercising rights under the FMLA.

9. At the time of all adverse employment actions complained of herein, the Plaintiff had not utilized more than twelve (12) weeks of FMLA leave in the prior twelve (12) calendar months.

10. The Plaintiff has a "serious health condition" for purposes of, and as such term is defined by, the FMLA. She suffered debilitating and disabling knee pain which eventually required knee replacement surgery so she could ambulate and carry out the essential functions of her job.

**EXHIBIT 2**

11. The Plaintiff's disability required ongoing and continuous treatment by a health care provider both prior to and subsequent to surgery.

12. OKDHS is an "employer" for purposes of, as such terms is defined by, the Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* (the "ADA"). OKDHS employed greater than fifteen (15) employees during the times relevant herein.

13. The Plaintiff is an "employee" for purposes of, and as such term is defined by, the ADA. The Plaintiff further had a "disability", as such term is defined in 42 U.S.C. §12102(1). The Plaintiff's disability/impairment affected numerous life activities including sleeping, standing, using the restroom, concentrating, and working. The Plaintiff's daily activities were generally affected.

14. During the relevant period of time the Plaintiff was (and remains) employed by OKDHS as the Programs Manager, and generally has direct supervisory responsibility over the professional level staff. Her duties include, without limitation, responsibility for all phases of program staffing, conducting local on-site staff meetings and training as to program policies and procedures, counseling with local officials about needs and problems at the local level, and initiating corrective actions concerning program procedures and staff management.

15. Over the course of the Plaintiff's numerous years of employment at OKDHS, she has needed to take FMLA leaves of absence three times: 1) In 2009 after having foot surgery and bereavement leave after a nephew was killed in a motorcycle accident; 2) In 2012 subsequent to her son having two cranial surgeries and after he started having seizures; and 3) The subject knee replacement surgery.

16. In November 2014, the Plaintiff advised OKDHS that she would require a leave of absence in order to receive treatment for her left knee pain. She prepared, executed, and

3

**EXHIBIT 2**

submitted the appropriate FMLA forms to obtain the treatment she required without fear of losing her job.

17. Prior to requesting leave, the Plaintiff received ongoing treatment to her left knee which was known to OKDHS. The Plaintiff was granted medical leave for approximately five weeks to have left knee replacement surgery.

18. The Plaintiff's left knee replacement surgery was medically necessary in order to improve her quality of life.

19. Plaintiff's supervisor and OKDHS managing attorney for Ottawa and Delaware Counties, Martha Thompson ("Thompson"), declared to the Plaintiff before taking medical leave she should be able to return to work by January 2, 2015. Thompson told the Plaintiff she had spoken to other people who had surgery similar to the Plaintiff's and those persons were able to return that quickly.

20. Thompson was told by the Plaintiff that she would evaluate how she was healing and progressing, and listen to her doctor's advice as to when she was physically able to return.

21. The Plaintiff was unable to return to work on the date Thompson believed she should have returned, needing ten additional days to recover.

22. When the Plaintiff returned from medical leave on January 12, 2015, Thompson was obviously angry with her. Indeed, several days after the Plaintiff returned Thompson issued her a written reprimand setting forth three separate deficiencies—one of which was for failing to complete assigned work before she left for medical leave.

23 The basis for Thompson's criticisms was unjustified and untrue.

24. Thompson knew the Plaintiff's workload leading up to her leave date, and made no mention of her being behind.

25. Thompson also reprimanded the Plaintiff for alleged deficiencies occurring months <u>before</u> her knee replacement surgery.

26. Although the Plaintiff had returned to work on January 12, 2015, she required physical therapy on her affected knee/leg three days a week. Rather than accommodate her medical condition and permit her to work in the main OKDHS office in Miami, Oklahoma, Thompson demanded the Plaintiff work in the Jay, Oklahoma office.

27. In order to work in the Jay Oklahoma office, the Plaintiff was required to drive her personal vehicle, one hour each way without compensation. OKDHS vehicles were too uncomfortable for the Plaintiff as they sit lower to the ground making them more difficult for the Plaintiff to maneuver in and out of.

28. The Plaintiff suffered significant pain, suffering, and prolonged healing because of her travel to the Jay Oklahoma office to work.

29. Thompson was informed by the Plaintiff that the bathroom stalls in the Jay OKDHS office were not handicap accessible/equipped, which made it difficult for the Plaintiff to move about. Thompson did nothing in response to these complaints and continued to insist that the Plaintiff work in the Jay, Oklahoma office.

30. Every time the Plaintiff required extended leaves of absence Thompson would be infuriated and later retaliate against her upon return. Most recently, the Plaintiff's infant grandchild was gravely ill with a life-threatening medical condition. The Plaintiff took one week off of work be with her family. True to form, Thompson was angry with the Plaintiff upon her return and retaliated against her.

31. Since first exercising her federally-protected rights to the present, the Plaintiff has been discriminated and retaliated against by numerous OKDHS employees—notably Thompson.

5

**EXHIBIT 2**

This included without limitation the Plaintiff being written up over contrived and baseless allegations of impropriety, reassignment of supervisory duties of personnel, and being deprived of timely performance evaluations.

32. The Plaintiff has sustained significant damages since the OKDHS began targeting her based on her exercising her lawful rights under the ADA and FMLA, and OKDHS committing various common law torts against her. Her damages include financial loss, exacerbation of pain and suffering, embarrassment, humiliation, and attorneys' fees and litigation costs.

### FIRST CAUSE OF ACTION
### VIOLATION OF FAMILY MEDICAL LEAVE ACT--INTERFERENCE AND RETALIATION
### PLAINTIFF V. OKDHS

For her First Cause of Action against OKDHS, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

33. OKDHS knew that the Plaintiff required ongoing and continuous medical treatment for her knee pain. The Plaintiff placed the Defendant on notice as to her need to obtain medical leave for medical treatment for this condition, which is a qualified health condition under the FMLA.

34. The Plaintiff was entitled to all rights and benefits under the FMLA, as well as the protections afforded her by the FMLA.

35. The Plaintiff was treated less favorably than an employee who had not requested leave under the FMLA.

36. The Plaintiff suffered numerous adverse employment actions, such as being the victim of numerous verbal attacks by Thompson—including receiving numerous and baseless verbal and written discipline, changes in job duties, intimidation, and threats.

**EXHIBIT 2**

37. All adverse employment actions complained of herein were proximately, directly and substantially related to the Plaintiff exercising or attempted exercising of her FMLA rights or otherwise requesting leave.

38. The Plaintiff engaged in federally-protected activities under the FMLA. The Defendant took numerous actions that a reasonable employee such as the Plaintiff would find as materially adverse, and there is a causal connection between the Plaintiff's protected activity and all adverse employment actions taken by OKDHS.

39. OKDHS interfered with the Plaintiff's rights under the FMLA, and retaliated against her each in direct and substantial violation of the FMLA.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the Defendant, and award her declaratory and injunctive relief, actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, liquidated damages, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

### SECOND CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT--DISCRIMINATION, HARASSMENT/HOSTILE WORK
### PLAINTIFF V. OKDHS

For her Second Cause of Action against OKDHS, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

40. The Plaintiff is disabled, or is perceived as disabled by OKDHS, and such disability was known by OKDHS at all times relevant to her employment.

41. The Plaintiff was qualified for the position for which she was hired, and remained fully capable of performing the essential functions of her job at OKDHS.

**EXHIBIT 2**

42. The Plaintiff requested and required reasonable accommodation for her disability, which was denied. The Plaintiff experienced harassment, threats of termination of her employment, threats of loss of job position, loss of job position, and other confrontational acts creating a hostile work environment that was motivated by, or proximately, substantially-related, or directly a result of her exercising her rights under federal law.

43. OKDHS refused to make any reasonable accommodation for the Plaintiff's disability or perceived disability and such was in violation of the ADA.

44. The Plaintiff was deprived of equal employment opportunities and the terms and conditions of her employment were adversely affected by her status as a disabled employee, or perceived disabled employee.

45. The Plaintiff sustained monetary damages she incurred in being forced to provide her own personal transportation to Jay Oklahoma OKDHS office, loss of income as a result of being forced to take leave, medical expenses, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the ADA and federal law.

46. The complained of discriminatory employment practices were intentional. Further, OKDHS acted with such malice, willfulness, and reckless indifference to the Plaintiff's rights in violation of the ADA entitling her to an award of punitive damages.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the Defendant, and award her declaratory and injunctive relief, actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

**EXHIBIT 2**

### THIRD CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT--RETALIATION
### PLAINTIFF V. OKDHS

For her Third Cause of Action against OKDHS, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

47. The Plaintiff engaged in a protected activity by timely and properly exercising her lawful rights to obtain medical treatment for her disability or perceived disability, and otherwise seeking reasonable accommodation for medical treatment for her disability.

48. The Plaintiff suffered materially adverse consequences as a result of engaging in said protective activity that any reasonable employee would have found to be adverse. OKDHS further retaliated against Plaintiff in the manner described herein because she had engaged in conduct to secure rights guaranteed by the ADA and state law.

49. The aforementioned retaliation adversely affected the terms, conditions and privileges of employment enjoyed by Plaintiff. There is a causal connection between the Plaintiff's aforementioned protective activity and the materially adverse actions taken by OKDHS.

50. The Plaintiff sustained monetary damages she incurred in being forced to provide her own personal transportation to Jay Oklahoma OKDHS office, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the ADA and federal law.

51. OKDHS's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from it.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the Defendant, and award her declaratory and injunctive relief, actual damages

**EXHIBIT 2**

in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

### FOURTH CAUSE OF ACTION
### VIOLATION OF OKLAHOMA'S ANTI-DISCRIMINATION ACT
### PLAINTIFF V. OKDHS--DISCRIMINATION AND RETALIATION

For her Fourth Cause of Action against OKDHS, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

52. The Plaintiff was deprived of her rights under Oklahoma law, in particular 25 O.S. §§1101, *et. seq.* ("OADA"), and discriminated against by OKDHS on the basis of her disability or perceived disability.

53. The acts and omissions complained of throughout was motivated in full or in part by discrimination, which is contrary to the OADA.

54. In treating the Plaintiff differently because of her disability than other employees that did not suffer disability, and also retaliating against the Plaintiff by harassing her, OKDHS did violate the OADA.

55. As a direct and proximate result of OKDHS's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24.

56. The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under Oklahoma law.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the Defendant, and award her declaratory and injunctive relief, actual damages

**EXHIBIT 2**

in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE
### PLAINTIFF V. OKDHS

For her Fifth Cause of Action against OKDHS, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

57. OKDHS owed a legal duty to the Plaintiff to sufficiently and properly hire, train, supervise, monitor, and retain its employees in such a manner to not threaten, intimidate, create fear, or otherwise impose terror on their fellow employees such as the Plaintiff.

58. OKDHS breached these duties, and others to be discovered upon the completion of discovery, by negligently failing to sufficiently and properly hire, train, supervise, monitor, and retain its employees. Further, such failures resulted in OKDHS being unable to provide the Plaintiff a reasonably safe workplace.

59. Independently or alternatively, OKDHS breached duties it owed the Plaintiff by negligently failing to follow proper policies and procedures, or by failing to adopt/enact the same, to protect employees such as the Plaintiff from harm inflicted by her coworkers.

60. As a direct and proximate cause of OKDHS's breaches of its legal duties it owed her, the Plaintiff sustained significant personal injuries including fear of the future, exacerbated pain and suffering, emotional distress, and degradation/humiliation.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the Defendant, and award her actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code,

**EXHIBIT 2**

prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable

### SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF V. DHS DEFENDANTS

For her Sixth Cause of Action against the DHS Defendants, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

61. The DHS Defendants' actions and conduct were intentional and reckless, and the same was of an extreme and outrageous nature. Furthermore, such actions and conduct was so extreme and outrageous as it went beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

62. The Plaintiff suffered and experienced actual emotional distress because of the DHS Defendants' actions, and said distress was severe.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the DHS Defendants, and award her actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

### SEVENTH CAUSE OF ACTION
### TORT CLAIM (ALTERNATIVELY PLED)
### PLAINTIFFS V. DHS DEFENDANTS, INDIVIDUALLY

For her Seventh Cause of Action against the DHS Defendants in their individual capacities, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

**EXHIBIT 2**

63. The DHS Defendants complained of conduct was with knowledge, reckless, malicious, and was otherwise of such a degree as to deprive them of any protection of the GTCA.

64. The DHS Defendants are therefore individually liable in tort to the Plaintiff for their gross negligence, and intentional infliction of emotional distress.

65. The Plaintiff is entitled to recover actual and punitive damages, and any other relief allowable by law against the DHS Defendants.

**WHEREFORE**, premises considered, the Plaintiff Jammie Sartin prays the Court for Judgment against the DHS Defendants, and award her actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

Respectfully submitted,

*signature*

Tony Mareshie, OBA#18180
E. ANTHONY MARESHIE, P.L.L.C.
P.O. Box 330161
Tulsa, Oklahoma 74133-0161
tulsalegal@gmail.com
(918) 519-3771 - Telephone
(918) 970-6927 - Facsimile
***Counsel for Plaintiff***

ATTORNEY LIEN CLAIMED

**EXHIBIT 2**

Dan Ross
Administrator
Capital Assets Management



Preston L. Doerflinger
Director
Secretary of Finance, Administration
and Information Technology

July 6, 2015

E. Anthony Mareshie, PLLC
P.O. Box 330161
Tulsa, Oklahoma  74133-0161

Re:   RM Claim #:   1620016796
      Claimant:     JAMMIE SARTIN

Dear Mr. Mareshie:

This letter is sent to confirm the receipt, July 03, 2015, of the claim for compensation you have tendered, asking for damages under the Governmental Tort Claims Act. The identifying claim number is listed above. Please use this number as a reference when calling to inquire about your claim.

Under the provisions of the Act, the State will be afforded up to 90 days from the receipt of your claim by us to review and evaluate it. The State makes every effort to investigate and respond to claims as quickly as possible.

Please provide the following information to Risk Management on behalf of the Attorney General's Office:

- ☒ Specific incident date
- ☒ Documentation to support your claim

The information is needed to investigate your claim. The supplemental information must be received on or before July 20, 2015, the date from which the 90 days will begin. If neither timely submission nor satisfactory explanation is made by this date, the claim will stand denied at the end of the expiration of 90 days from the date the information is due. The right to seek compensation by suit in District Court may be restricted by the limitations period prescribed by law of one hundred eight (180) days after the denial of the claim.

Your point of contact on this claim is Adriano Coronel. If you have any questions he can be contacted at 405-522-0411 or Adriano.Coronel@omes.ok.gov.

Sincerely,

*Toni Blue*

Toni Blue
Operations Manager

**EXHIBIT**
**1**

Risk Management Department ● Will Rogers Office Building ● P.O. Box 53364 ● Oklahoma City, OK  73152-3364
Telephone: 405/521-4999 ● Fax: 405/522-4442 ● OMES.OK.gov

**EXHIBIT 2**

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jammie L. Sartin<br>1011 E. St. N.W.<br>Miami, OK 74354 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2015-00789 | K. Kelly,<br>Investigator | (405) 231-4353 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____K. Kelly_____     September 23, 2015

Enclosures(s)    Holly Waldron Cole,    *(Date Mailed)*
           Area Office Director

cc:
E. Anthony Mareshie
E. ANTHONY MARESHIE PLLC
P.O. Box 330161
Tulsa, OK 74133

OKLAHOMA D.H.S.
P.O Box 25352
Oklahoma City, OK 73125

**EXHIBIT 2**

**EXHIBIT 2**